**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| QUENTIN PINCHBACK, ) | |
| ) | CASE NO. 1:06cv00062 |
| Petitioner, ) | |
| ) | JUDGE NUGENT |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| STUART HUDSON, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |

Petitioner, Quentin Pinchback, ("Pinchback"), challenges the constitutionality of his conviction in the case of *State v. Pinchback*, Case No. CR438305. Pinchback, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 10, 2006 with the United States District Court for the Northern District of Ohio. Respondent filed a Motion to Dismiss (Doc. No. 10) on May 5, 2006. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Respondent's Motion to Dismiss be GRANTED and the habeas petition (Doc. No. 1) be DISMISSED.

### I. Procedural History

**A. Conviction**

In the May 2003 term, the Cuyahoga County Grand Jury returned an indictment, charging Pinchback with the following twelve (12) counts: two (2) counts of conspiracy to commit aggravated murder, two (2) counts of kidnaping, two (2) counts of aggravated burglary, two (2) counts of aggravated robbery, two (2) counts of felonious assault, one (1) count of failure to

comply with the signal or order of a police officer, and one (1) count of carrying a concealed weapon. All but the latter two counts were accompanied by a one-year and three-year firearm specification. Pinchback pled not guilty to the indictment, and the case was tried by a jury.

On September 16, 2003, the jury found Pinchback guilty of one (1) count of kidnaping, two (2) counts of aggravated burglary, two (2) counts of aggravated robbery, all with one-year firearm specifications, and one (1) count of carrying a concealed weapon. On October 16, 2003, the trial court sentenced Pinchback to a total term of seven (7) years imprisonment.

**B. Direct Appeal**

On March 8, 2004, Pinchback, through new counsel, timely appealed the trial court's judgment to the Eighth District Court of Appeals for Cuyahoga County, Ohio, raising the following nine assignments of error:

1. The trial court erred in denying Appellant's motion for acquittal when the state failed to present sufficient evidence that appellant committed these crimes.

2. Appellant's convictions are against the manifest weight of the evidence.

3. The trial court erred by allowing a key witness to assert his Fifth Amendment right against self-incrimination, thus depriving Appellant of his right to confrontation under the Ohio Constitution and the U.S. Constitution.

4. The trial court erred when it refused defense counsel the right to cross examine a key identification witness on material inconsistencies in her written statement.

5. The trial court erred by refusing to order the county prosecutor and/or DEA to turn over a statement of a key witness of the state, thus denying Appellant his right to confrontation under the Ohio Constitution and the U.S. Constitution, thus denying Appellant his right to a fair trial.

6. The trial court erred when it continuously allowed the state to introduce hearsay testimony in violation of Evidence Rule 802, thus denying Appellant his right to a fair trial.

7. The trial court erred when it allowed a witness to testify who the state did not

>   disclose in its written discovery in violation of Criminal Rule 16, thus denying Appellant his right to a fair trial.
>
> 8.  Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to file a motion to suppress.
>
> 9.  Appellant was denied a fair trial by the FBI agent's improper comments while testifying.

On August 26, 2004, the court of appeals affirmed the judgment of the trial court. The court of appeals journalized its decision on September 7, 2004.

Pinchback filed a motion for reconsideration on September 15, 2004, twenty days after the court of appeals announced its decision affirming the judgment of the trial court. The court of appeals denied the motion for reconsideration on September 21, 2004.[1]

Pinchback failed to timely file an appeal to the Supreme Court of Ohio. On June 6, 2005, approximately nine months after the court of appeals decision was journalized, Pinchback filed a motion for leave to file a delayed appeal in the Supreme Court of Ohio. The motion was denied on August 10, 2005.

**C. Post-Conviction Motion**

On February 17, 2005, Pinchback filed a motion to modify his sentence in the trial court. The trial court denied the motion on March 15, 2005.

Pinchback failed to timely appeal to the court of appeals. Pinchback filed a motion for leave to file a delayed appeal on June 7, 2005, and the court of appeals denied the motion on

---

[1] Pinchback subsequently filed a motion for summary judgment on March 17, 2005, apparently unaware that the trial court denied his motion for reconsideration. The trial court denied the motion for summary judgment on March 18, 2005.

3

June 13, 2005.

On August 8, 2005, Pinchback timely appealed to the Supreme Court of Ohio. The Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

**D. Federal Habeas Petition**

On January 10, 2005, Pinchback, *pro se*, filed a Petition for Writ of Habeas Corpus in this Court, asserting the following ten grounds for relief:

> GROUND ONE: The trial court erred in denying Petitioner's motion for aquittal as to the charges when the state failed to present sufficient evidence that Petitioner committed these crimes.
>
> GROUND TWO: Petitioner's convictions are against the manifest weight of the evidence.
>
> GROUND THREE: The trial court erred by allowing a key witness to assert his Fifth Amendment right against self-incrimination, thus depriving Petitioner of his right to confrontation under the Ohio Constitution and the United States Constitution, thus denying Petitioner his right to a fair trial.
>
> GROUND FOUR: The trial court erred when it refused defense counsel the right to cross examine a key identification witness on material inconsistencies.
>
> GROUND FIVE: The trial court erred by refusing to order the county prosecutor and/or DEA to turn over a statement of a key witness of the state, thus denying Petitioner his right to confrontation under the Ohio Constitution and the United States Constitution, thus denying Petitioner his right to a fair trial.
>
> GROUND SIX: The trial court erred when it continuously allowed the state to introduce hearsay testimony in violation of Evidence Rule 802, thus denying Petitioner his right to a fair trial.
>
> GROUND SEVEN: The trial court erred when it allowed a witness to testify who the state did not disclose in its written discovery in violation of Ohio Crim. R. 16, thus denying Petitioner his right to a

>fair trial.
>
>GROUND EIGHT: Petitioner was denied effective assistance of counsel as guaranteed by Section 10, Article 1 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to file a motion to suppress.
>
>GROUND NINE: Petitioner was denied a fair trial by the FBI agent's improper comments while testifying.
>
>GROUND TEN: Petitioner's sentence is contrary to law.

## II.  Procedural Default

Respondent has filed a Motion to Dismiss, asserting that Pinchback has procedurally defaulted all ten grounds for relief.  Procedural default occurs when the petitioner fails to present his federal constitutional claim to the state courts in the manner required by state procedural law, and the state courts impose the procedural bar of refusing to review the merits of the alleged error.  Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state law ground exists for upholding the conviction or sentence.  *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).  The expiration of a time limit for filing an appeal, as prescribed by state statute, is an adequate and independent state ground.  *Id.* at 751.

However, the procedural default may be excused if the petitioner shows cause for the procedural default and prejudice from the alleged error.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  The Sixth Circuit's *Maupin* decision sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by a petitioner's failure to observe a state procedural rule.  First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail

5

to follow it. *Id.* at 138. Second, the court must decide whether the state court actually enforced the procedural sanction. *Id*. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim. Such a rule is adequate if it is regularly or consistently applied by the state court, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not depend on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). And fourth, if the first three steps are satisfied, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error, or that failure to review the petitioner's claims will result in a fundamental miscarriage of justice. *See also Coleman*, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

The Court will address Respondent's procedural default argument with respect to Grounds One through Nine together before separately addressing the issue of procedural default with respect to Ground Ten. After applying the cause and prejudice test to each alleged instance of procedural default, the Court will discuss Petitioner's assertion that the Court must reach the merits of his claims to avoid a fundamental miscarriage of justice.

**A. Grounds One Through Nine**

As to Grounds One through Nine of the Petition, the first three steps of the *Maupin*

analysis are satisfied. Pinchback procedurally defaulted his first nine grounds when he failed to file a timely appeal to the Supreme Court of Ohio within forty-five (45) days of journalization of the court of appeals decision, as required by Section 2(A)(1)(a) of the Rules of Practice of the Supreme Court of Ohio. The Supreme Court of Ohio enforced the procedural requirement of timely filing when it denied Pinchback's motion for leave to file a delayed appeal and dismissed his appeal without reviewing the merits of his claims. As the Sixth Circuit has held that failure of a petitioner to meet the statutory time requirement for filing a direct appeal provides an adequate and independent ground on which the state may foreclose review of a federal constitutional claim, the third step of the *Maupin* analysis is also satisfied. *Deitz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004) (" [Petitioner's] failure to file a timely appeal presumptively constitutes an adequate and independent ground for barring federal review . . . ."). Therefore, Pinchback's first nine grounds are barred from review unless he can demonstrate cause and prejudice or that failure to review his claims amounts to a fundamental miscarriage of justice.

Under the cause and prejudice test, cause "must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. To satisfy the prejudice prong, a petitioner must show that the error worked to his or her "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). "[I]f there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim," the prejudice prong is not satisfied. *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Moreover, there is no prejudice where a petitioner does not show a reasonable probability of a different outcome. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Pinchback's asserted cause for the procedural default is entirely meritless. In his

Response to Respondent's Motion to Dismiss, Pinchback asserts that 1) his failure to timely file an appeal in the Supreme Court of Ohio was due to the court of appeals allegedly failing to notify him of its decision on his motion for reconsideration and 2) he correctly followed the instructions provided in a note at the end of the court's journal entry and opinion.  Petitioner's brief sates as follows:

> Petitioner followed the direction of the Eighth District Court of Appeals on the bottom of page 18 of the court's opinion.  Stating that the time to file to the Supreme Court of Ohio would begin to run upon the date of journalization and that the decision would not be journalized until after the announcement of the court's decision on the motion for reconsideration *if one was filed* . . . . Which petitioner did file.  One can not fault petitioner for assuming that the appeal procedure the court stated to petitioner and the one listed in the law books are the same.  Because after all the court is the administer of the law.

(Doc. No. 11 at 2.)  (emphasis added.)

Petitioner's summary of the note is misleading.  The note at the bottom of the journal entry and opinion *actually* reads as follows:

> This entry is an announcement of the court's decision . . . This decision will be journalized and will become the judgment and order of the court . . . *unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision.*  The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk . . . .

(Doc. No. 10-13 at 18.)  (emphasis added.)  Petitioner did not file a motion for reconsideration within ten days of the announcement of the court of appeals decision on August 26, 2005. Consequently, the decision was journalized on September 7, 2005.  The time period for timely filing an appeal to the Supreme Court of Ohio began to run from that date, and Petitioner's subsequent filing of a motion for reconsideration on September 15, 2005 had no effect on the time period.  Therefore, the Court rejects Petitioner's argument that his lack of notice of the

8

appellate court's denial of his motion for reconsideration provides cause to excuse his procedural default.

As Petitioner has not shown cause for his procedural default, Grounds One through Nine should be dismissed unless Petitioner has demonstrated that failure to review the merits of his claims will result in a fundamental miscarriage of justice.

**B. Ground Ten**

Pinchback has also procedurally defaulted Ground Ten, in which he argues that the trial court's "failure to impose the shortest sentence violated [his] right to due process of law" because "as a first time offender, he should have been sentenced to the minimum term authorized by law." (Doc. No. 1 at 8.)

Under Ohio law, all claims that were known or should have been known by the defendant at the time of trial or direct appeal must be raised on direct appeal from the judgment of conviction. Ohio provides an avenue of relief, namely post-conviction review, for those claims that were unknown, or could not reasonably have been known, to the defendant until after the judgment of conviction. Ohio's post-conviction relief statute, Ohio Rev. Code § 2953.21, provides in pertinent part:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

*Id*.

This statute has long been interpreted to bar post-conviction consideration of any issue that was fully litigated before the judgment of conviction or on direct appeal from that judgment, or of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not. *See State v. Perry*, 10 Ohio St.2d 175, syllabus para. 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 98 (1994). The *Perry* Court stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry,* at syllabus para. 9.

The doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal, as well as to constitutional claims that could have been raised in any post conviction proceeding. *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994)) (holding that post-conviction relief is not available by virtue of the doctrine of *res judicata* to address constitutional claims that could have been raised on direct appeal from the conviction and sentence). In such a situation, a petitioner is considered to have waived the claim for federal habeas purposes "unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The Sixth Circuit has explicitly recognized *res judicata* as an adequate and independent basis for procedural default. *Norris*, 146 F.3d at 332; *Rust*, 17 F.3d at 161.

In the instant case, Pinchback failed to raise a claim that he was sentenced to more than the minimum sentence in violation of his constitutional rights on direct appeal. He first raised

10

the claim in a post-conviction motion to modify his sentence.  As such, under *Perry*, he is barred from raising this claim in state court and may only overcome the procedural bar if he can show cause for this deficiency.

Pinchback has not attempted to show cause for his procedural default on this claim, and the Court is aware of no facts suggesting cause.  Therefore, Ground Ten has been procedurally defaulted.  Accordingly, unless Petitioner has demonstrated that failure to review the merits of his claims will result in a fundamental miscarriage of justice, Ground Ten should be dismissed.

**C.  Fundamental Miscarriage of Justice**

In Petitioner's Response to Respondent's Motion to Dismiss, Pinchback argues that the Court's failure to review his procedurally defaulted claims will result in a fundamental miscarriage of justice.  The Court disagrees.

The fundamental miscarriage of justice exception may be satisfied by submitting evidence showing that a constitutional violation has lead to the conviction of one who is actually innocent.  *Dretke v. Haley*, 541 U.S. 386, 393 (2004).   The Supreme Court has held that actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Although Petitioner's brief states that "a fundamental miscarriage of justice is usually interpreted to mean that an innocent person was convicted," Petitioner does not claim he is actually innocent.  (Doc. No. 11 at 5.)  Rather, he points to several instances in the record that reveal weaknesses in the state's evidence against him.  (Doc. No. 11 at 5-9.)  Petitioner seems to be making a sufficiency of the evidence argument.  Therefore, as Petitioner does not claim actual innocence, Petitioner has not demonstrated a fundamental miscarriage of justice will occur so as

11

to require this Court to reach the merits of his claims.

Petitioner has not shown cause to excuse his procedural default of all ten grounds for relief. Further, he has not demonstrated that this Court's failure to review the merits of his claims will result in a fundamental miscarriage of justice. Accordingly, all of Petitioner's claims should be dismissed.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Pinchback's Petitition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

/s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
United States Magistrate Judge.

Date: November 14, 2006

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**