UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| QUENTIN PINCHBACK, | ) | CASE NO. 1: 06 CV 0062 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| STUART HUDSON, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. The Report and Recommendation (ECF # 13) is hereby ADOPTED by this Court.

**Procedural and Factual Background**

A jury found Petitioner guilty of one count of kidnapping, two counts of aggravated burglary, two counts of aggravated robbery, all with one-year firearm specifications, and one count of carrying a concealed weapon. The trial court sentenced Petitioner to seven years of imprisonment.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on January 10, 2006. (ECF # 1.) Petitioner raises the following grounds for relief:

> GROUND ONE: The trial court erred in denying Petitioner's Motion for Acquittal as to the charges when the state failed to present sufficient evidence that Petitioner committed these crimes.
>
> GROUND TWO: Petitioner's convictions are against the manifest weight of the evidence.
>
> GROUND THREE: The trial court erred by allowing a key witness to assert his Fifth Amendment right against self-incrimination, thus depriving Petitioner of his right to confrontation under the Ohio Constitution and the U.S. Constitution, thus denying

Petitioner his right to a fair trial.

GROUND FOUR: The trial court erred when it refused defense counsel the right to cross-examine a key identification witness on material inconsistencies in her written statement.

GROUND FIVE: The trial court erred by refusing to order the county prosecutor and/or the DEA to turn over a statement of a key witness of the state, thus denying Petitioner his right to confrontation under the Ohio Constitution and the U.S. Constitution, thus denying Petitioner his right to a fair trial.

GROUND SIX: The trial court erred when it continuously allowed the state to introduce hearsay testimony in violation of Evidence Rule 802, thus denying Petitioner his right to a fair trial.

GROUND SEVEN: The trial court erred when it allowed a witness to testify who the state did not disclose in its written discovery in violation of Crim. R. 16, thus denying Petitioner his right to a fair trial.

GROUND EIGHT: Petitioner was denied effective assistance of counsel as guaranteed by Section 10, Article 1 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to file a motion to suppress.

GROUND NINE: Petitioner was denied a fair trial by the FBI Agent's improper comments while testifying.

GROUND TEN: Petitioner's sentence is contrary to law.

(*Id.*, Attachment C.)

On May 5, 2006, Respondent filed a Motion to Dismiss, stating that the grounds for relief raised by Petitioner have been procedurally defaulted. (ECF # 10.) On May 22, 2006, Petitioner filed a Response to the Motion to Dismiss. (ECF # 11.) On May 25, 2006, Respondent filed a Reply Brief in his support of the Motion to Dismiss. (ECF # 12.)

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Vecchiarelli for the preparation of a report and recommendation. Magistrate Judge Vecchiarelli issued her Report and Recommendation on November 14, 2006, recommending that Respondent's Motion to

Dismiss be granted, and Petitioner's Writ of Habeas Corpus be dismissed. (ECF # 13.)

Upon Motion by Petitioner, this Court granted Petitioner an extension of time within which to file objections to the Report and Recommendation. (ECF # 17.) Petitioner filed his objections to the Report and Recommendation on December 22, 2006. (ECF # 18.) Respondent did not respond to Petitioner's objections. The Court herein reviews the Report and Recommendation and Petitioner's objections.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which objections have been filed, de novo. *See Massey v. City of Ferndale,* 7 F.3d 506 (6th Cir. 1993).

### Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

(ECF # 18 at 4-14.)

This Court has thoroughly reviewed each of Petitioner's objections, and the arguments and law set forth in support of the same. The Court finds that Petitioner reiterates the grounds for relief set forth in the Petition, but fails to adequately address the Magistrate Judge's determination that Petitioner has procedurally defaulted as to each of those grounds. After careful consideration of Petitioner's objections, the Court finds nothing stated therein which convinces it that the Magistrate Judge's Report and Recommendation is in error. The Court finds the Report and Recommendation to be well-written, well-supported, and correct. Accordingly, Petitioner's objections to the Report and Recommendation are OVERRULED (ECF # 18), the Report and Recommendation of Magistrate Judge Vecchiarelli is hereby ADOPTED (ECF # 13), Respondent's Motion to Dismiss is GRANTED (ECF # 10), and Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED (ECF # 1).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 6, 2007